# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| SABRINA JOHNSON-NIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO:2:23-CV-00084-LGW-BWC |
| BRUNSWICK HOUSING AUTHORITY, ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT WILLIAM KITTS' REPLY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendant William Kitts, a defendant in the above-styled case, and files his reply in support of his Motion to Dismiss Plaintiff's Amended Complaint [Doc. 42] and in response to Plaintiff's Response to Defendant Williams Kitts' Motion to Dismiss Amended Complaint ("Plaintiff's Response") [Doc. 52] showing this Court as follows:

## I.     INTRODUCTION

In her Response, Plaintiff acknowledges that she is only pursuing conspiracy claims under 42 U.S.C. § 1985(2) and (3) and a derivative § 1986 claim against Defendant Kitts in this lawsuit. [Doc. 52, at 1–2]. Plaintiff, though, can neither factually nor legally support such claims against Kitts for several reasons. First, in response to Defendant Kitts' argument that she failed to sufficiently plead his retaliatory motive – needed to support her so-called "conspiracy" claims – Plaintiff offers conflicting arguments that only highlight the fatal deficiencies in her allegations against Defendant Kitts. On the one hand, Plaintiff argues that she has sufficiently pled Kitts' alleged retaliatory motive by pleading

temporal proximity between when he allegedly learned of Plaintiff's 2019 Title VII lawsuit against a third party and the retraction of a job offer (by a Co-Defendant) to Plaintiff. On the other hand, in apparent recognition that she did not (and cannot) plead plausible allegations of Defendant Kitts' personal knowledge, *i.e.,* when he learned of the 2019 lawsuit, Plaintiff tries to diminish the importance of the timing of Defendant Kitts' knowledge of the 2019 lawsuit all together and suggests it was enough that, at some point, he had knowledge of the lawsuit. Neither argument allows Plaintiff to survive this motion to dismiss. If Plaintiff relies on temporal proximity to demonstrate Defendant Kitts' alleged retaliatory motive, then she must – but fails – to establish when he learned of the 2019 lawsuit because she lacks the personal knowledge to plead that allegation. If Plaintiff does not rely on temporal proximity for her allegations against Defendant Kitts, then there are **no** allegations in the Amended Complaint that remotely attempt to raise an inference of Kitts' retaliatory motive in this case. Under either argument, then, Plaintiff has failed to sufficiently raise an inference of the retaliatory motive necessary to proceed with a § 1985(2) claim against Defendant Kitts, and it should be dismissed.

Second, Plaintiff's assertion that a 42 U.S.C. § 1985(3) claim can be based on a § 1985(2) claim misinterprets the single authority upon which she relies, <u>Chavis v. Clayton Cnty. Sch. Dist.</u>, 300 F.3d 1288 (11th Cir. 2002). Plaintiff's argument ignores that § 1985(2) contains <u>two</u> clauses, only <u>one</u> of which can support a § 1985(3) claim, and that is <u>not</u> the clause she is relying upon in this lawsuit. Following <u>Chavis</u>, a § 1985(3) claim can be based on a § 1985(2) claim by a plaintiff bringing a claim under the <u>second</u> clause of § 1985(2), *i.e.,* a race-based conspiracy claim, which Plaintiff does **not** bring in this

case. Chavis does not support Plaintiff's argument that her § 1985(2) claim, which is based solely on the first clause of 1985(2), *i.e.*, a conspiracy claim based on Plaintiff's participation in protected activity, can support her § 1985(3) claim. Racial animus is an essential element of a § 1985(3) claim, and Plaintiff's claims against Defendant Kitts are not based on racial animus. Therefore, Plaintiff's § 1985(3) claim against Kitts should be dismissed as a matter of law.

Finally, Plaintiff's assertion that qualified immunity is not available to government defendants for § 1985(3) claims is flatly incorrect. The Eleventh Circuit has acknowledged that government defendants have been entitled to qualified immunity for § 1985(3) claims since the Supreme Court's decision in Ziglar v. Abasi, 582 U.S. 120, 150 (2017). Further, the single case upon which Plaintiff relies in her attempt to demonstrate that Defendant Kitts is not entitled to qualified immunity from her § 1985(2) (and now § 1985(3)) conspiracy claims provides no notice to Defendant Kitts that, as a non-decision maker who took no overt actions (merely had knowledge), could be liable for a "conspiracy" under § 1985(2) or (3). Accordingly, even if Plaintiff's conspiracy claims survive Defendant Kitts' motion to dismiss, he is entitled to qualified immunity.

## II. RESPONSE TO PLAINTIFF'S "NEW" ALLEGATIONS.

In her Response, Plaintiff makes new allegations that are not in her Amended Complaint and, in fact, contradict the Amended Complaint's allegations. The most transparent example is her new allegation that Defendant Kitts knew of Plaintiff's 2019 Title VII lawsuit before Defendant Baker offered her the Assistant Executive Director ("Asst. Exec. Director") position, but only had the "opportunity to retaliate" after she

applied for the position. [Doc. 52, at 6]. That allegation flatly contradicts the allegations in her Amended Complaint that (1) Defendant Kitts was part of the initial discussion about Plaintiff's interest in the Asst. Exec. Director position [Doc. 41, ¶ 18]; and (2) that Defendant Kitts gained knowledge of the 2019 lawsuit only *after* Defendant Baker offered Plaintiff the Asst. Exec. Director position:

> **After Defendant Baker offered Dr. Johnson-Nixon the Assistant Executive Director position**, and on or before the time the Authority failed to hire her, refused to further employee her, and terminated her employment, **Defendant Baker and Defendant Kitts learned that Dr. Johnson-Nixon had filed the prior lawsuit against the Wayne County School District.**

[Doc. 41,¶ 26] (Emphasis added). In fact, in a transparent attempt to meet the elements of a conspiracy claim, Plaintiff alleges an entire scenario in which another co-Defendant, Defendant McDuffie, allegedly "alerted" Defendant Kitts about Plaintiff's 2019 lawsuit [Doc. 41, ¶ 27], and yet another co-Defendant, Defendant Howes, researched information about the lawsuit – but, again, only *after* the Plaintiff had been offered the Asst. Exec. Director position. [Doc. 41, ¶ 70]. She cannot properly amend her Complaint via her motion briefing.

Additionally, in her Response, Plaintiff alleges that Defendants injured her when they "withdrew the offer of employment." [Doc. 52, at 5]. But that allegation contradicts the allegation in her Amended Complaint that after Defendant Baker retracted the Asst. Exec. Director position, he offered her the position of Residential Services Director. [Doc. 41, ¶¶ 29, 30, 32, 34]. Significantly, Plaintiff does not allege in her Complaint that the Resident Services Director position had a smaller salary or was less prestigious than that of the Asst. Exec. Director position. [Doc. 41, ¶ 34].

### III. ARGUMENT AND CITATION OF AUTHORITY

Plaintiff's Amended Complaint cannot survive Defendant Kitts' motion to dismiss because it "tenders" only "naked assertion[s]" devoid of "further factual enhancements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 550, 555 (2007)). Ultimately, then, the allegations in Plaintiff's Amended Complaint do not allow this court "to draw the reasonable inference that [Defendant Kitts] is liable for the misconduct alleged" under 42 U.S.C. § 1985(2) or (3). Id. Even if Plaintiff's pleadings were sufficient, Defendant Kitts has qualified immunity from her claims because Plaintiff has failed to identify any authority to support her argument that Defendant Kitts, a non-decision maker who took no overt actions, could have violated Plaintiff's rights. Accordingly, all Plaintiff's claims against Kitts should be dismissed.

**A.    Plaintiff's 42 U.S.C. § 1985(2) Conspiracy Claim Against Defendant Kitts Lacks Plausibility. (Count 2)**

Plaintiff's arguments concerning 42 U.S.C. § 1985(2) misconstrue her burden with respect to pleading retaliatory motive at the motion to dismiss stage. To survive a motion to dismiss for a § 1985(2) claim, Plaintiff must sufficiently allege that: (1) a conspiracy existed; (2) retaliation was spawned by the plaintiff's attendance or testimony in federal court; (3) an act in furtherance of the conspiracy; and (4) injury. Foster v. Pall AeroPower, Corp., 111 F. Supp.2d 1320, 1322 (M.D. Fl. 2000). In her Response, Plaintiff argues that Defendant Kitts is artificially imposing new pleading requirements that do not exist for a motion to dismiss that hinges entirely on whether she has sufficiently raised an inference of retaliatory motive. [Doc. 52, at 7]. Plaintiff's argument ignores that the Eleventh Circuit

has explicitly held that a plaintiff cannot rely simply on "conclusory allegations of a retaliatory motive" and, instead, the facts in a complaint must be "sufficient to raise that conclusion above the speculative level." Smith v. Fl. Dep't of Correction, 375 F.App'x 905, 911 (11th Cir. 2010) (court analyzing on motion to dismiss whether plaintiff had sufficiently pled retaliatory motive for a First Amendment retaliation claim). To survive Defendant Kitts' Motion to Dismiss, then, Plaintiff must plead sufficient factual allegations to support her claim that he retaliated against her because of her participation in the 2019 lawsuit. Plaintiff fails to meet that burden.

Plaintiff relies on shifting, inconsistent arguments in an attempt to meet her burden. First, Plaintiff argues that she meets her burden of raising an inference of Defendant Kitts' retaliatory motive simply by alleging that Defendants "punished" her by withdrawing the job offer *after* learning of Plaintiff's "protected activity." [Doc. 52, at 6]. But that argument is nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" that cannot survive a motion to dismiss. Iqbal, 556 U.S. at 678. Further, this argument only reaffirms that her allegations against Defendant Kitts rely entirely on temporal proximity, *i.e.*, that Defendant Kitts learned of Plaintiff's protected activity *after* Defendant Baker offered Plaintiff the Asst. Exec. Director position and used that information to retaliate against her. [Doc. 52, at 8; Doc. 41, ¶ 27]. Plaintiff does not (and cannot) plead in her Amended Complaint or argue in her Response that she had personal knowledge of when Defendant Kitts learned of the 2019 lawsuit. Instead, her allegation of when Kitts learned of the 2019 lawsuit is an impermissible conclusory allegation. And Plaintiff's failure to rases an inference of Kitts' retaliatory motive is the fatal deficiency

in her allegations against him.

To avoid this fatal deficiency, Plaintiff then attempts to diminish the importance of Defendant Kitts' personal knowledge all together. She argues, essentially, that it does not matter *when* he learned of the 2019 lawsuit; rather it is only important *that* he knew of it at some point. [Doc. 52, at 6]. But she makes that argument at the expense of meeting her burden of raising an inference of Defendant Kitts' retaliatory motive needed for a § 1985(2) claim – even at the motion to dismiss stage. Smith, 375 F.App'x at 911. In other words, the only allegation in her Amended Complaint that remotely attempts to raise an inference of Defendant Kitts' retaliatory motive is the impermissible conclusory allegation that he took a retaliatory action *after* he "learned" of Plaintiff's 2019 lawsuit. [DOC]. [Doc. 41, 27]. Plaintiff pleads no other factual allegation concerning Defendant Kitts' retaliatory motive. Further, Plaintiff provides no legal authority for the proposition that just "knowing" a fact about a candidate supports an inference of retaliatory motive. In reality, even Plaintiff does not rely on this thin argument. Instead, she clearly relies only on "temporal proximity" in an to establish retaliatory motive. [Doc. 41, ¶ 26]. That temporal proximity (and the necessary inference of Kitts' retaliatory motive) simply ceases to exist if Kitts was aware of the 2019 lawsuit prior to the job offer to Plaintiff.

Plaintiff's final attempt to compensate for her deficient pleadings is to assert that Defendant Kitts could have known about the 2019 lawsuit before Defendant Baker offered Plaintiff the Asst. Exec. Director position and only had the "opportunity to retaliate" against her after she had applied for the position. [Doc. 52, at 6]. But that argument fails for multiple reasons. First, it contradicts Plaintiff's own allegation that Defendant Kitts

only learned of the 2019 lawsuit <u>after</u> Defendant Baker offered Plaintiff the Asst. Exec. Director position, i.e., the only allegation remotely attempting to raise an inference of retaliation. [Doc. 41, ¶ 26]. Second, Plaintiff admits that Defendant Kitts was involved in the initial discussions about the Asst. Exec. Director position [Doc. 41, ¶ 18] and makes <u>no</u> allegation that he was unaware that she was being offered the position. Third, Plaintiff alleges she was, in fact, offered the position of Asst. Exec. Director. [Doc. 41, ¶ 21]. Fourth, Plaintiff pleads no allegations that Defendant Kitts lay in wait until Plaintiff applied, and then sprang into action to retaliate against her – which would be the epitome of a speculative, conclusory allegation in any event. And fifth, Plaintiff was ultimately offered a different position, the Resident Services Director (with no allegation that it was a "lesser" position) even after Defendant Kitts allegedly learned of Plaintiff's 2019 lawsuit [Doc. 41, ¶ 29] – an allegation that dispositively undermines any "retaliatory motive" by Kitts. Accordingly, without factual substantiation of the conclusory allegation that Kitts "newly" had knowledge of the 2019 lawsuit after the Brunswick Housing Authority's ("BHA") first job offer, Plaintiff lacks a reason for him to (allegedly) conspire and retaliate against her. This pleading failure alone is fatal to Plaintiff's 42 U.S.C. § 1985(2) claim against Defendant Kitts.

In response to Defendant Kitts' argument that Plaintiff failed to allege an injury in her Amended Complaint from the alleged retaliation, an essential element of 42 U.S.C. § 1985(2), Plaintiff argues only that "injury" is "beyond the scope of a motion to dismiss." [Doc. 52, at 9]. That is not correct. Plaintiff bears the burden of pleading the essential elements of her claims. An injury is an essential element of a § 1985(2) claim. 42 U.S.C.

§ 1985(2); See e.g., Haddle v. Garrison, 525 U.S. 121, 125–26 (1998) (harm under § 1985(2) is comparable to "compensable injury under tort law"); Foster v. Pall Aeropower Corp., 111 F.Supp.2d 1320, 1325 (M.D. Fl. 2000) (court will not presume injury without loss of promotion, salary, or employment). Here, Plaintiff admits that Defendant Baker offered Plaintiff an alternative position of Residential Services Director position. [Doc. 41, ¶¶ 29, 30, 32, 34]. Plaintiff does not allege that the Residential Services Director was a lesser salary or was less desirable than the Assistant Executive Director position. Ultimately, then, it was Plaintiff's choice not to accept Defendant Baker's offer that caused any alleged injury – not any alleged action taken by Defendant Kitts.

B.  **Plaintiff Does Not Have a Valid 42 U.S.C. § 1985(3) Conspiracy Claim Against Defendant Kitts. (Count 2)**

In her Response, Plaintiff asserts that she has raised a valid § 1985(3) claim because "section 1985(3) provides private parties a cause of action for violation of section 1985(2)." [Doc. 52, at 10 (citing Chavis v. Clayton Cnty. Sch. Dist., 300 F.3d 1288, 1291–92 (11th Cir. 2002))]. But that language in Chavis does not apply in this case. In Chavis, the plaintiff was proceeding under a *different* clause of § 1985(2) than Plaintiff is proceeding under in this case. Specifically, 42 U.S.C. § 1985(2) contains two, independent clauses (causes of action):

> **[1]** If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit jury in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or his being

or having been such juror; **[2]** or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons to the equal protection of the laws.

(Numbers and emphasis added). In <u>Chavis</u>, the issue was "whether plaintiff has presented evidence supporting a cause of action under the **second clause of 42 U.S.C. 1985(2)**." 300 F.3d at 1289 (emphasis added). "The 'equal protection' language in the second clause of section 1985(2), requires an allegation of class-based animus for the statement of a claim." <u>Id.</u>, at 1292. Similarly, § 1985(3) "requires the plaintiff to show the conspiracy was motivated by 'racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" <u>Chua v. Ekonomou</u>, 1 F.th 948, 955 (11th Cir. 2021) (quoting <u>Griffin v. Breckenridge,</u> 403 U.S. 88, 102, (1971)). The <u>Chavis</u> court found that since the plaintiff had alleged a race-based § 1985(2) claim, he could also proceed under § 1985(3). <u>Chavis</u>, 300 F.3d at 1291.

In contrast, Plaintiff does <u>not</u> have a race-based § 1985(2) claim in this case. Instead, Plaintiff's § 1985(2) conspiracy claim is based only on the first clause of §1985(2), *i.e.*, retaliation for Plaintiff's participation in protected activity. Specifically, in her Amended Complaint, Plaintiff alleges that the Defendants conspired "that [Plaintiff] would not be employed by the Authority as its Assistant Executive Director **because of her lawsuit** against the Wayne County School District" [Doc. ¶ 72] (emphasis added); Defendants conspired to injury Plaintiff "**on account of her having attended and testified as a party and a witness in a proceeding** in the United States District Court for

the Southern District of Georgia." [Doc. 41, ¶ 73] (emphasis added). Plaintiff does not make any allegations that the alleged "conspiracy" was based on her race or any other class-based characteristic or any other federal law. [Id., ¶¶ 68–79]. Without a race-based § 1985(2) conspiracy claim, Plaintiff cannot pursue a race-based § 1985(3) conspiracy claim.

Plaintiff's only other argument that she has a plausible § 1985(3) claim appears to be based on the fact that she "filed a racial discrimination lawsuit against Wayne County School District." [Doc. 52, at 10]. But a § 1985 (3) claim cannot be based on Title VII. Dickerson v. Alachua Com'n, 200 F.3d 761,766 (11th Cir. 2000) (citing Great American Fed. Sav. & Ln Assoc. v. Novotny, 442 U.S. 366, 372 (1979) (§ 1985(3) may not be used to enforce rights created by Title VII)). Accordingly, Plaintiff has failed to allege a plausible 42 U.S.C. § 1985(3) claim, and it should be dismissed as a matter of law.

C. **Defendant Kitts has qualified immunity from Plaintiff's 42 U.S.C. § 1985 (2) and (3) claims.**

Plaintiff mistakenly relies upon Burrell v. Bd. of Trs. of Georgia Military Coll., 970 F.2d 785 (11th Cir. 1992) to argue that qualified immunity is not available to Defendant Kitts for Plaintiff's §1985(3) claim.[1] But in 2021, the Eleventh Circuit explicitly acknowledged that its holding in Burrell had been abrogated by the Supreme Court:

---

[1] Although Plaintiff argues that Defendant Kitts is not *entitled* to qualified immunity for her § 1985(2) claims, she does not appear to challenge the *availability* of qualified immunity for government defendants such as Defendant Kitts for 1985(2) claims. [Doc. 52, at 10–13]; Reid v. City of Atlanta, No. 1:08-cv-01846-JOF, 2010 WL 1138456, at *20 (N.D. Ga. March 22, 2010) (qualified immunity available for § 1985(2) claims.).

> Although we held in <u>Burrell</u> that qualified immunity does not apply to a claim brought under section 1985(3), [], the Supreme Court recently abrogated that holding in <u>Ziglar v. Abasi</u>, 582 U.S. 120, 150 (2017) (holding that petitioners were entitled to qualified immunity with respect to claims brought under section 1985(3)).

<u>Chua</u>, 1 F.4th at 956. Contrary to Plaintiff's assertion, then, there is no question that qualified immunity is available to Defendant Kitts in this case for both sections § 1985(2) and (3).

Plaintiff's argument that Defendant Kitts is not entitled to qualified immunity for her § 1985 claims relies exclusively on long block quotations from <u>Reid</u>. [Doc. 52, at 11–13 (quoting <u>Reid</u>, 2010 WL 1138456, at *20–21)]. But <u>Reid</u> is easily distinguishable from the instant case. In <u>Reid</u>, each of the defendants seeking qualified immunity were in the plaintiff's chain of command and each had "acted overtly in carrying out their conspiracy when they put their recommendations [concerning disciplinary action for plaintiff] in writing." <u>Id.</u>, at *18. The <u>Reid</u> court found that the defendants' acts of writing down the recommendation "would constitute overt acts." <u>Id.</u> Here, Plaintiff makes no allegations of any similar overt acts by Defendant Kitts. At most, Plaintiff alleges that Kitts had knowledge of Plaintiff's 2019 lawsuit and discussed that knowledge. <u>Reid</u> certainly does not put Defendant Kitts on notice that merely having knowledge and discussing that knowledge were overt actions within the meaning of § 1985(2) and (3).

Additionally, in <u>Reid</u>, each of the defendants played an active role in the disciplinary decision at issue. Plaintiff does not (and cannot) allege that Defendant Kitts – individually – had any control over Defendant Baker's decision to retract the offer of the Asst. Exec. Director position. To avoid this inconvenient fact, Plaintiff confers superpowers upon

Defendant Kitts and makes the spurious statement that "*Kitts is the authority.*" [Doc. 52, at 13] (italics in original). That assertion, of course, ignores that Defendant Kitts was only one member of a multi-member Housing Authority Board of Commissioners; ignores all rules of needing quorums for voting on Authority actions; and ignores that Plaintiff did not allege that Defendant Kitts – as an individual – had any authority with respect to Defendant Baker's employment decision. Indeed, Plaintiff does not even allege that the Board of Commissioners *ever* voted on any employment decision regarding Plaintiff. Reid, then, does not put Defendant Kitts on notice that a non-decision maker with no authority over an employment decision who took no overt actions could be part of a conspiracy regarding that same employment decision .

Plaintiff has thus failed to meet her burden to overcome qualified immunity, because she has failed to point to specific actions of Defendant Kitts which violate clearly established law. Montoute v. Carr, 114 F.3d 181, 184 (11th Cir. 1997) ("Once an officer or official has raised the defense of qualified immunity, the burden of persuasion as to that issue is on the plaintiff."). Plaintiff cites to no case law that would make it "sufficiently clear" to Defendant Kitts that he had done anything that would violate Plaintiff's rights. Mullenix v. Luna, 577 U. S. 7, 11 (2015) (per curiam) (internal quotation marks omitted). Therefore, Defendant Kitts is entitled to qualified immunity.

**D.** **Plaintiff's 42 U.S.C. § 1986 Claim Against Defendant Kitts Should be Dismissed for Failure to State a Claim. (Count 3)**

Since Plaintiff fails to sufficiently allege a 42 U.S.C. § 1985 claim against Defendant Kitts, Plaintiff's derivative 42 U.S.C. § 1986 is barred. Park v. City of Atlanta,

120 F.3d 1157, 1160 (11th Cir. 1997); Morast v. Lance, 807 F.2d 926, 930 (11th Cir. 1987) ("a § 1986 claim is predicated on a successful conspiracy action under § 1985"). Accordingly, Plaintiff's 42 U.S.C. § 1986 claim against Defendant Kitts should be dismissed for failure to state a claim.

## IV. CONCLUSION

For all the reasons set forth above, Defendant Kitts' Motion to Dismiss should be granted, and all of Plaintiff's claims pled against him (Counts 2 and 3) should be dismissed.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Kirsten S. Daughdril*
John D. Bennett
Georgia Bar No. 059212
jbennett@fmglaw.com
Kirsten S. Daughdril
Georgia Bar No. 633350
Kirsten.daughdril@fmglaw.com

*Attorneys for Defendant William Kitts*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
T: 770.818.0000
F: 770.937.9960

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANT WILLIAM KITTS' REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to all counsel of record who are CM/ECF system participants.

This 27th day of March, 2024.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Kirsten S. Daughdril*
Kirsten S. Daughdril
Georgia Bar No. 633350

*Attorney for Defendant William Kitts*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
T: 770.818.0000
F: 770.937.9960
E: Kirsten.daughdril@fmglaw.com