# In the United States District Court for the Southern District of Georgia Brunswick Division

SABRINA JOHNSON-NIXON,

    Plaintiffs,

v.

BRUNSWICK HOUSING AUTHORITY, City of Brunswick; CITY OF BRUNSWICK, GEORGIA; WILLIAM KITTS, individually; REGINA M. MCDUFFIE, individually; JAIMMIE HOWES, individually; CHESTER DOBSON, individually; KAMAU DICKERSON, individually; and WILLIAM L. BAKER, individually,

    Defendants.

CV 2:23-084

## ORDER

Before the Court is Defendant William Kitts's motion to dismiss. Dkt. No. 42. The motion has been fully briefed and is ripe for review. Dkt. Nos. 52, 60, 61, 64. For the reasons stated below, the motion is **GRANTED in part and DENIED in part**.

### BACKGROUND[1]

The following facts are alleged in the amended complaint. Plaintiff Sabrina Johnson-Nixon is a Black woman and resident of Glynn County, Georgia. Dkt. No. 41 ¶ 8. In 2019, Plaintiff filed

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).

suit against her former employer, the Wayne County School District, for racial discrimination. Id. ¶ 15. The case was resolved in August 2020. Id.

Fast forward to June 2022. Plaintiff was employed by Defendant City of Brunswick, Georgia (the "City") as its Director of Neighborhood and Community Services. Id. ¶ 16. Defendant Regina McDuffie served as the City's Manager.

On June 30, 2022, Plaintiff was introduced to Defendant Brunswick Housing Authority's ("BHA") interim executive director, Defendant William Baker, who requested that Plaintiff send him her resume. Id. ¶ 17. On July 5, 2022, Plaintiff went to BHA's office and discussed her interest in and qualifications for BHA's assistant executive director position with Defendant Baker, Defendant William Kitts, then-chairman of BHA's Board of Commissioners, and BHA staff member Vincent Williams. Id. ¶ 18. On July 7, 2022, Plaintiff interviewed for the assistant executive director position with Defendant Baker, Defendant Jaimmie Howes, BHA's human resources director, and Pamela Bailey, a BHA board member. Id. ¶ 19. During the meeting, Defendant Baker offered Plaintiff the position of assistant executive director, and Plaintiff accepted. Id. ¶ 21. The offer was conditioned upon Plaintiff's successful completion of a background check, driving report, and drug test, all of which Plaintiff alleges she successfully completed. Id. ¶¶ 22, 23. On July 8, 2022, Defendant

2

Howes confirmed in writing BHA's offer of employment and Plaintiff's acceptance. Id. ¶ 25.

Plaintiff alleges that, after she accepted the assistant executive director position, Defendant McDuffie alerted Defendants Baker and Kitts that Plaintiff had filed a lawsuit against her former employer. Id. ¶¶ 26, 27. Thereafter, on July 18, 2022, Plaintiff alleges she met with Defendant Baker, who became irate and started screaming at Plaintiff, in close proximity, such that, she alleges, he spit on Plaintiff as he screamed. Id. ¶ 28. During the meeting, Defendant Baker told Plaintiff she would fail at the assistant executive director position and demanded that she accept the position of resident services director, instead. Id. ¶¶ 29, 34. The next day, on July 19, 2022, Defendant Howes delivered a letter to Plaintiff informing her that "a relevant portion of her background" disqualified her from employment as BHA's assistant executive director and that she was "only qualified for the position of Resident Services Director." Id. ¶ 34. Plaintiff alleges her disqualification was based on her lawsuit against her former employer. Id. ¶ 35. After Plaintiff made many unsuccessful attempts to contact BHA and its counsel over the next two months, see id. ¶¶ 38, 43—46, Plaintiff received a letter dated September 16, 2022 from BHA's attorney, which stated his "understanding that [Plaintiff] did not accept the Resident

3

Services Director position and currently there is no employment offer pending." Id. ¶ 46.

On July 17, 2023, Plaintiff initiated this civil rights action against BHA, BHA Board of Commissioners Defendants Kitts, Chester Dobson, and Kamau Dickerson, and BHA human resources Defendant Howes, as well as the City and City Manager Defendant McDuffie. Dkt. No. 1. In her amended complaint, filed January 29, 2024, Plaintiff asserts five causes of action: retaliation in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-2, et seq. ("Title VII") (Count I); conspiracy to interfere with civil rights in violation of 42 U.S.C. §§ 1985(2) and 1985(3) (Count II); neglect and refusal to prevent interference with civil rights in violation of 42 U.S.C. § 1986 (Count III); assault and battery (Count IV); and racially and retaliatory hostile work environment in violation of § 1981 and Title VII (Count V).

Defendant Kitts, singly, moves to dismiss Plaintiff's claims against him for failure to state a claim for which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 42. Plaintiff has responded in opposition, dkt. no. 52, Defendant has replied, dkt. no. 60, Plaintiff has filed a second response, dkt. no. 61, and Defendant has filed a second reply, dkt. no 64. As such, Defendant's motion has been exhaustively briefed and is ripe for review.

**LEGAL AUTHORITY**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well pleaded allegations of the complaint as true and views them in the light most favorable to the non-moving party. Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1356 (11th Cir. 1998). "A complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002) ("If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint."). The Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately,

5

if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added)(quoting Fed. R. Civ. Proc. 8(a)(2)).

## DISCUSSION

Defendant Kitts moves to dismiss Plaintiff's § 1981 and Title VII claims (retaliation and retaliatory and racial hostile work environment) (Counts I and V); Plaintiff's §§ 1985(2) and 1985(3) claims (interference with civil rights) (Count II); and Plaintiff's § 1986 claim (refusal to prevent interference with civil rights) (Count III).[2]

### I. Plaintiff's § 1981 and Title VII Claims

In her first response to Defendant Kitts's motion to dismiss, Plaintiff states that she "seeks no relief from Defendant Kitts under [§ 1981 or Title VII]" for retaliation. Dkt. No. 52 at 1. Further, Plaintiff states she also does not assert "a claim under [§] 1981 for racial and retaliatory hostile work environment" against Defendant Kitts. Id. at 1-2. Plaintiff clarifies that she "*does* seek relief from Defendant Kitts . . . under the civil rights conspiracy laws 42 U.S.C. §§ 1985(2), 1985(3), and 1986." Id. at 2. In light of Plaintiff's concession, Defendant Kitts's

---

[2] Count IV, assault and battery, is asserted against Defendant Baker only. Dkt. No. 41 at 29.

6

motion to dismiss Plaintiff's § 1981 and Title VII claims (Counts I and V), to the extent Plaintiff asserted such claims against him, is **GRANTED**.

**II. Plaintiff's § 1985(2) Claim**

With regard to her first conspiracy claim, Plaintiff alleges Defendant Kitts conspired to violate her civil rights, i.e., deprive her of employment with BHA, and seeks relief under § 1985(2). Dkt. No. 41 at 23, 26. Section 1985(2) provides:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

"[T]he first four clauses of [§] 1985(2) refer to conspiracies that are designed to obstruct the course of justice in any court of the United States" while "the last two clauses of [§] 1985(2) refer to conspiracies designed to deny or interfere with equal protection rights." Jimenez v. Wizel, 644 F. App'x 868, 873 (11th Cir. 2016) (quoting Bradt v. Smith, 634 F.2d 796, 801 (5th Cir.

7

Unit A Jan. 1981)). "To state a claim under § 1985(2), then, the plaintiff must either 'show a nexus between the alleged conspiracy and a proceeding in federal court' or 'show a racial or otherwise class-based discriminatory animus.'" Id. (quoting Bradt, 634 F.2d at 801) (citing for comparison Kush v. Rutledge, 460 U.S. 719, 726 (1983) (no requirement to show class-based animus when plaintiff alleges a violation of the first part of § 1985(2))).

In her amended complaint, Plaintiff makes no allegation that Defendant Kitts's alleged participation in the conspiracy to deprive her of employment with BHA was motivated by class-based discriminatory animus. See generally Dkt. No. 41. Plaintiff does allege, however, that Defendant Kitts participated in the alleged conspiracy "on account of her having attended and testified as a party and a witness" in her lawsuit against her former employer, which took place in federal court. Id. ¶ 73. Specifically, Plaintiff alleges that upon confirming that Plaintiff filed a lawsuit against her former employer, "Defendants Baker and Kitts agreed between themselves and with Defendant McDuffie that [Plaintiff] would not be employed by [BHA] as its Assistant Executive Director because of the prior lawsuit[.]" Id. ¶ 71.

"To establish a § 1985(2) retaliation claim, a Plaintiff must allege '(1) a conspiracy, (2) retaliation spawned by the attendance or testimony in federal court, (3) an act in furtherance of the conspiracy, and (4) injury to the plaintiff.'" Aque v. Home Depot

8

U.S.A., Inc., 629 F. Supp. 2d 1336, 1343 (N.D. Ga. 2009) (quoting Foster v. Pall Aeropower Corp., 111 F. Supp. 2d 1320, 1322 (M.D. Fla. 2000)).

### A. Conspiracy

The Court begins with the conspiracy element. "Irrespective of the type of conspiracy alleged [under § 1985(2)], the plaintiff must provide sufficient allegations to make plausible that there was a 'meeting of the minds between two or more persons to accomplish [the] common and unlawful plan.'" Jimenez, 644 F. App'x at 873 (quoting McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc)).

In the amended complaint, Plaintiff alleges that Defendant McDuffie "alerted Defendant Baker and Defendant Kitts that [Plaintiff] had filed a federal lawsuit against her former employer." Dkt. No. 41 ¶ 51. Plaintiff then alleges that "Defendants Baker and Kitts directed Defendant Howes . . . to verify the fact of the prior lawsuit." Id. ¶ 70.[3] Plaintiff next alleges that "Defendant Howes confirmed the fact of the lawsuit and transmitted that information to Defendants Baker and Kitts."

---

[3] Elsewhere in the amended complaint, Plaintiff alleges that Defendant *Baker* directed Defendant Howes "to research the matter," that is, to find out if Plaintiff really did sue her former employer. Id. ¶ 52. Construing the allegations in the light most favorable to Plaintiff, as the Court must do on a motion to dismiss, the Court accepts as true Plaintiff's allegation that both Defendants Baker and Kitts instructed Defendant Howes to verify the facts of Plaintiff's prior lawsuit.

9

Id. ¶ 53.  Plaintiff further alleges that upon learning of her lawsuit against her former employer, "the named individual members of [BHA's] Board of Commissioners," that is, Defendants Dobson, Dickerson and Kitts, "agreed between and among themselves and with Defendants Baker and McDuffie that [Plaintiff] would not be employed by [BHA] as its Assistant Executive Director because of her lawsuit against the Wayne County School District."  Id. ¶ 72.

Plaintiff's allegation that Defendants Baker and Kitts—upon learning from Defendant McDuffie that Plaintiff had filed a lawsuit against her former employer—instructed Defendant Howes to verify the facts of the prior lawsuit is sufficient to show a meeting of the minds between Defendants Kitts and Baker.  See Dkt. No. 41 ¶¶ 27, 53.  From these allegations, one could infer that Defendants Kitts and Baker collectively wanted to know if Plaintiff had filed a lawsuit against her former employer because her having done so would negatively impact BHA's offer of employment to Plaintiff.[4] Plaintiff has therefore sufficiently alleged the conspiracy element of a § 1985(2) retaliation claim.

---

[4] The Parties hotly debate whether Plaintiff has sufficiently alleged that Defendant Kitts learned of the lawsuit *after* Plaintiff was offered employment with BHA, since Plaintiff's prior lawsuit had been a matter of public record since its filing in 2019. Taking the facts as alleged in the amended complaint as true, the Court finds Plaintiff has sufficiently alleged same.  One can infer that Defendants Kitts would not have instructed Defendant Howes to confirm the facts of Plaintiff's prior lawsuit if Defendant Kitts already knew about the lawsuit.

**B. Retaliation**

To state a claim under § 1985(2), Plaintiff must next allege retaliation spawned by her participation in her lawsuit against her former employer. See Aque, 629 F. Supp. 2d at 1343. Here, Plaintiff has alleged that Defendant Baker offered her the position of assistant executive director on July 7, 2022, only for him to revoke that offer on July 18, 2022. Dkt. No. 41 ¶¶ 21, 29. Plaintiff alleges that between July 7 and July 18, 2022, Defendants Baker and Kitts learned of Plaintiff's prior lawsuit. Id. ¶¶ 26, 27. Viewing the facts in favor of Plaintiff, as the Court must do at the motion to dismiss stage, one can infer from temporal proximity that the alleged revocation of Plaintiff's offer was motivated by her filing the prior lawsuit. See Jimenez, 644 F. App'x at 873 (noting that a plaintiff proceeding under the first part of § 1985(2) must "show a nexus between the alleged conspiracy and a proceeding in federal court"). Though Defendant argues that Plaintiff cannot show retaliation because Defendant Baker offered Plaintiff a different position of resident services director, dkt. no. 42 at 14, one can infer from Plaintiff's allegations that the resident services director position was not as desirable as that of the assistant executive director, see dkt. no. 41 ¶ 34 (suggesting that the qualifications required for the resident services director position were less stringent than those required for the assistant executive director position). Therefore, the

Court finds that Plaintiff has sufficiently alleged the retaliation element of a § 1985(2) claim.

### C. Act in Furtherance

Next, Plaintiff must sufficiently allege Defendant Kitts acted in furtherance of the alleged conspiracy to deprive her of employment with BHA. Aque, 629 F. Supp. 2d at 1343 (stating that a plaintiff must allege an act in furtherance of the conspiracy to state a § 1985(2) retaliation claim). Here, Plaintiff alleges that "Defendant Baker had final policy-making authority for [BHA] with respect to most if not all operational *decisions* for [BHA], including without limitation the personnel . . . decisions." Dkt. No. 41 ¶ 5 (emphasis added). In turn, Plaintiff alleges BHA's Board of Commissioners "has full and final policy making authority with respect to all relevant *actions* of the Authority." Id. ¶ 57 (emphasis added). Taking all inferences in favor of Plaintiff, Plaintiff effectively alleges that Defendant Baker could make personnel decisions but then the Board of Commissioners could oversee or regulate those decisions. Plaintiff further alleges BHA's Board of Commissioners, including its chairman, Defendant Kitts, "affirmed and ratified the unlawful conduct" of Defendant Baker. Id.; Id. ¶ 13. In support of that contention, Plaintiff states that on July 24 and July 31, 2022, she corresponded with Defendant Baker, as well as BHA and its individual commissioners, "informing them that she was prepared to arrive at work," and on

August 5, 2022, Defendant Howes informed Plaintiff that "BHA is looking into the matter and will respond." Id. ¶ 43. Again, taking inferences in favor of Plaintiff, she has alleged Defendant Kitts, as chairman of BHA's Board of Commissioners, knew about Defendant Baker's decision to revoke or modify Plaintiff's employment offer, and, through his action or inaction, ratified that decision. Odum v. Rayonier, Inc., No. CIV.A. CV204-190, 2005 WL 3440817, at *3 (S.D. Ga. Dec. 14, 2005) ("By their nature, conspiracies 'must almost always be proven by inferences that may be fairly drawn from the behavior of the alleged conspirators.'"), aff'd, 316 F. App'x 855 (11th Cir. 2008). The Court finds Plaintiff has sufficiently alleged an act in furtherance of the conspiracy on the part of Defendant Kitts.

### D. Injury

Finally, to state a claim under § 1985(2), Plaintiff must sufficiently allege an injury. Aque, 629 F. Supp. 2d at 1343. Plaintiff has done so here. Plaintiff alleges that, as a result of the conspiracy, she was deprived of employment with BHA. See, e.g., Dkt. No. 41 ¶ 70. Loss of at-will employment "has long been, and remains, a compensable injury under tort law, and there is no reason to ignore this tradition [in the context of a § 1985(2) claim]." Haddle v. Garrison, 525 U.S. 121, 121-22 (1998). Therefore, Plaintiff has sufficiently alleged all the elements of a § 1985(2) retaliation claim.

**E. Qualified Immunity**

Defendant Kitts argues that, even if Plaintiff states a claim under § 1985(2), he is protected by qualified immunity. "An official asserting the affirmative defense of qualified immunity must initially establish that he was acting within the scope of his discretionary authority, and the burden then shifts to the plaintiff to show that the official is not entitled to qualified immunity." Ledea v. Metro-Dade Cnty. Police Dep't, 681 F. App'x 728, 729 (11th Cir. 2017) (citing Skop v. City of Atlanta, 485 F.3d 1130, 1136-37 (11th Cir. 2007)). An official acts within the scope of his discretionary authority if he performs a legitimate job-related function through means that were within his power to utilize. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004) (citing Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1185 n.17 (11th Cir. 1994) ("A government official acts within his or her discretionary authority if objective circumstances compel the conclusion that challenged actions occurred in the performance of the official's duties and within the scope of this authority.")).

If the defendant official establishes that his relevant conduct fell within his discretionary authority, the burden shifts to the plaintiff. Saucier v. Katz, 533 U.S. 194, 201 (2001). To defeat qualified immunity, a plaintiff must allege facts to show that the official's conduct violated clearly established statutory

14

or constitutional rights of which a reasonable person would have known.  See Marbury v. Warden, 936 F.3d 1227, 1232 (11th Cir. 2019).

Here, the Parties do not appear to dispute that Defendant Kitts would have been acting within his discretionary authority at all relevant times.  Dkt. No. 42 at 18; Dkt. No. 52 at 11.  And, as discussed *supra*, Plaintiff has alleged sufficient facts to show that Defendant Kitts violated her statutory rights under § 1985(2). Therefore, the Court focuses on whether Plaintiff has met her burden of showing that her § 1985(2) rights were clearly established.

The Court finds instructive the Eleventh Circuit's decision in Vinyard v. Wilson, 311 F.3d 1340 (11th Cir. 2002).  In discussing whether a government official would have "fair and clear notice" that his alleged treatment of a plaintiff was unconstitutional, the Court explained, "[T]he words of the pertinent federal statute or federal constitutional provision in some cases will be specific enough to establish clearly the law applicable to particular conduct and circumstances and to overcome qualified immunity, even in the *total absence of case law*. . . . For example, the words of a federal statute or federal constitutional provision may be so clear and the conduct so bad that case law is not needed to establish that the conduct cannot

15

be lawful." <u>Id.</u> at 1350 (footnotes omitted).  Plaintiff argues that is the case here.  Dkt. No. 52 at 11-12.

The question before the Court, then, is whether § 1985(2) clearly prohibits conspiracies to injure someone in retaliation for attending or testifying in federal court.  The Northern District of Georgia has answered this very question in the affirmative.  <u>Reid v. City of Atlanta</u>, No. 1:08-cv-1846, 2010 WL 1138456, at *21 (N.D. Ga. Mar. 22, 2010).

> Section 1985(2) makes it unlawful for two or more people to "injure [any] party or witness [in any court of the United States] in his person or property on account of his having so attended [such court] or testified." This language is unambiguous, and the Supreme Court has noted that § 1985 is to be "accord(ed) [ ] a sweep as broad as [its] language." <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 97, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Furthermore, several Supreme Court cases and Eleventh Circuit cases make the purpose of this statutory language clear. <u>See Haddle v. Garrison</u>, 525 U.S. 121, 125, 119 S.Ct. 489, 142 L.Ed.2d 502 (1998) ("The gist of the wrong at which § 1985(2) is directed is . . . intimidation or retaliation against witnesses in federal-court proceedings."); <u>Farese v. Scherer</u>, 342 F.3d 1223, 1229–30 (11th Cir. 2003) ("Section 1985(2) prohibits conspiracies to intimidate parties or witnesses to federal lawsuits, [and] . . . the gist of the wrong at which § 1985(2) is directed is . . . intimidation or retaliation against witnesses in federal court proceedings."); <u>Chavis v. Clayton County School Dist.</u>, 300 F.3d 1288, 1293 (11th Cir. 2002) ("[The] first clause of section 1985(2) specifically prohibits injuring a witness on account of his testifying in federal court. . . ."); <u>O'Neal v. Garrison</u>, 263 F.3d 1317, 1321–22 (11th Cir. 2001) (citing Supreme Court precedent for the proposition that "the gist of the wrong at which § 1985(2) is directed is . . . intimidation or retaliation against witnesses in federal court proceedings"); <u>Kimble v. D.J. McDuffy, Inc.</u>, 648 F.2d 340, 350 (5th Cir. 1981) (holding that the first clause

16

>  of § 1985(2) is, in part, "aimed at retaliations for past federal court attendance or testimony.").

Id. at *20. The Reid court held: "Section 1985(2) clearly prohibits conspiracies to injure someone in retaliation for testifying as a witness in federal court and, therefore, qualified immunity is not available to Defendants." Id. at *21. The Court is persuaded by Reid's reasoning.

Defendant Kitts argues that he "did not have and could not have had 'fair warning' that a non-decisionmaker, who took no affirmative employment actions against the Plaintiff," dkt. no. 42 at 20, "could be liable for a 'conspiracy' under § 1985(2)," dkt. no. 60 at 3. As the Court explained *supra*, however, Plaintiff has alleged sufficient facts to show Defendant Kitts participated in a conspiracy to deprive her of employment with BHA. Whether Defendant Kitts was, in fact, a non-decisionmaker and whether he, in fact, took action against Plaintiff are issues that can be resolved through discovery. The Court finds that Plaintiff has met her burden to show that qualified immunity does not shield Defendant Kitts from suit at this stage. As such, Defendant Kitts's motion to dismiss Plaintiff's § 1985(2) claim is **DENIED**.

### III. Plaintiff's § 1985(3) Claim

Next, Plaintiff alleges that Defendant Kitts, along with the alleged co-conspirators, "participated in a conspiracy for the purpose of injuring [Plaintiff] in her person and property on account of her having attended and testified as a party and a

witness" in federal court, that is, her lawsuit against her former employer. Dkt. No. 41 ¶ 73.

"Section 1985(3) creates a cause of action for damages against conspiracies which deprive persons of the equal protection of law or other federal rights, privileges or immunities. To recover damages under § 1985(3), a plaintiff must establish that there was 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" Arnold v. Bd. of Educ. of Escambia Cnty., Ala., 880 F.2d 305, 317-18 (11th Cir. 1989) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). "Under § 1985(3), a plaintiff must allege: 1) a conspiracy; 2) motivated by racial or other class-based invidious discrimination, 3) for the purpose of depriving directly or indirectly any person of equal protection of the laws or equal privileges and immunities under the laws, 4) some act committed in furtherance of the conspiracy and 5) an injury to the plaintiff's person or property or a deprivation of any right or privilege of a United States citizen." Id. (citing Griffin, 403 U.S. at 102-03).

As the Court found with regard to Plaintiff's § 1985(2) claim, Plaintiff makes no allegation that Defendant Kitts's participation in the alleged conspiracy was motivated by some racial or otherwise class-based, invidiously discriminatory animus. Arnold, 880 F.2d at 317-18. Plaintiff makes no allegation that Defendant Kitts

18

held any animus toward her at all, much less race- or class-based animus.  See Dkt. No. 41.  The only allegations in the amended complaint concerning race are contained in Count I, Plaintiff's § 1981 and Title VII retaliation claim, dkt. no. 41 ¶¶ 59-60, and Count V, Plaintiff's § 1981 and Title VII racially and retaliatory hostile work environment claim, id. ¶ 93, both of which she concedes are not asserted against Defendant Kitts, dkt. no. 52 at 1.  As such, Plaintiff's § 1985(3) claim against Defendant Kitts fails, and Defendant Kitts's motion to dismiss is **GRANTED** as to this claim.

**IV.   Plaintiff's § 1986 Claim**

Finally, Plaintiff brings against Defendant Kitts a claim for neglect and refusal to prevent interference with civil rights in violation of § 1986.  Plaintiff alleges that "[m]embers of [BHA's] Board of Commissioners and staff became aware of . . . the reason for Defendant Baker's failure to hire, refusal to further employ and terminate [Plaintiff's] employment—that reason being her protected activity against the Wayne County School District. [BHA], through its Board of Commissioners which has full and final policy making authority with respect to all relevant actions of [BHA], nevertheless affirmed and ratified the unlawful conduct of [Defendant Baker]."  Dkt. No. 41 ¶ 57.  Plaintiff further alleges that, after her July 18, 2022 meeting with Defendant Baker, she

"complained through [BHA's] Board of Commissioners and its attorneys, but no remedial action was forthcoming." Id. ¶ 95.

"A claim can be stated under § 1986 only if the plaintiff states a valid claim under § 1985." L.Q.A. By & Through Arrington v. Eberhart, 920 F. Supp. 1208, 1230 (M.D. Ala. 1996), aff'd sub nom. L.Q.A. v. Eberhart, 111 F.3d 897 (11th Cir. 1997). Defendant Kitts moves to dismiss Plaintiff's § 1986 claim only on the ground that Plaintiff does not have a valid § 1985 claim against him. Dkt. No. 42 at 21. As explained *supra*, Plaintiff *has* established a § 1985(2) claim against Defendant Kitts. Therefore, his argument for dismissal of Plaintiff's § 1986 claim fails, and his motion to dismiss is **DENIED** as to this claim.

## CONCLUSION

Defendant Kitts's motion to dismiss, dkt. no. 42, is **GRANTED in part and DENIED in part**. The motion is **GRANTED** as to Plaintiff's § 1981 (Count I), Title VII (Count V), and § 1985(3) (Count II) claims. The motion is **DENIED** as to Plaintiff's § 1985(2) (Count II) and § 1986 (Count III) claims.

**SO ORDERED**, this 31st day of May, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA